FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAR 01 2011

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREENWICH INSURANCE COMPANY, a Delaware corporation, | No. 09-56347 |
| Plaintiff–Appellee, | D.C. No. 2:08-cv-00937-CAS-CT |
| INDIAN HARBOR INSURANCE COMPANY, a Delaware corporation | MEMORANDUM[*] |
| Counter-defendant–Appellee. | |
| v. | |
| MEDIA BREAKAWAY, LLC, a Nevada limited liability company; and SCOTT RICHTER, an individual, | |
| Defendants–Appellants, | |

Appeal from the United States District Court
for the Central District of California
Christina Snyder, District Judge, Presiding

Argued and Submitted February 16, 2011
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:  KLEINFELD, LUCERO,[**] and GRABER, Circuit Judges.

The parties are familiar with the facts of this case, which we will not recite.

We need not reach the propriety of the district court's conclusion that the arbitration award was entitled to collateral estoppel effect.  Regardless of whether full preclusion applies, the award and the underlying complaint provide a sufficient record to determine if summary judgment was appropriate.  See Horace Mann Ins. Co. v. Barbara B., 846 P.2d 792, 795-96 (Cal. 1993) (determination as to the duty to defend usually may be made based on a comparison of the terms of the policy and the allegations in the underlying complaint).

Greenwich had neither a duty to defend nor a duty to indemnify Media Breakaway or Richter.  Greenwich's policy contained two broadly worded exclusions precluding coverage of intentional conduct or conduct resulting in ill-gotten profits.  All allegations in the MySpace complaint, and all findings of liability in the arbitration award, involved intentional conduct and wrongful

---

[**]     The Honorable Carlos F. Lucero, United States Circuit Judge for the Tenth Circuit, sitting by designation.

2

profits.[1]  Neither the complaint nor the award suggests "<u>any</u> potential for liability

under the policy."  <u>Horace Mann</u>, 846 P.2d at 797.  Likewise, the Indian Harbor

policy was subject to similar exclusions and did not provide coverage.  We

therefore need not reach the question of whether California Insurance Code section

533 barred coverage.

Because the MySpace action did not give rise to a duty to defend, Greenwich

and Indian Harbor are entitled to reimbursement based on reservations of rights in

the Greenwich policy and Indian Harbor correspondence.  <u>See</u> <u>Scottsdale Ins. Co.</u>

<u>v. MV Transp.</u>, 115 P.3d 460, 467 (Cal. 2005).

**AFFIRMED**.

---

[1]  Although the district court opined that the award made "some passing reference to some conduct that could be considered negligent," we review the grant of summary judgment de novo, <u>see</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc), and conclude the award involved no covered conduct.